**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                    No. CR-01-0289 BB
                                                   No. CR-99-1027 BB
                                                   No. CR-00-1345 BB

BYRON WAYNE CHUBBUCK,

    Defendant.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court on Defendant's Motion Of Newly Discovered Evidence filed as Doc. 107 in criminal case No. CR 01-0289 BB. In the text of the motion Defendant makes no mention of newly discovered evidence. He argues that the government did not prove a jurisdictional element of the charged offense, and thus the Court had no jurisdiction to try or convict him of bank robbery charges. Defendant asks the Court to order the government to produce material evidence or release him from custody. The Court liberally construes the motion, sua sponte, as seeking a new trial or, alternatively, as a constitutional challenge of the convictions in each of the above-captioned matters.

       In related criminal proceedings No. CR 99-1027 BB and No. CR 00-1345 BB, Defendant was indicted on bank robbery charges. During proceedings in those cases, Defendant escaped from custody. He was then indicted in No. CR 01-0289 BB for escape, firearms violations, and additional bank robbery charges. Defendant pled guilty to bank robbery in the earlier cases and was convicted in 2001. Later, the Court dismissed the bank robbery charges in case No. CR 01-0289 BB, and thus

in cause No. CR 01-0289 BB Defendant attacks a nonexistent bank robbery conviction. A jury then found Defendant guilty of escape and firearm violations.

Assuming, for purposes of this opinion only, that Defendant seeks a "new" robbery trial in the related cases on the basis of newly discovered evidence, the motion is twice-barred and is legally insufficient. First, under Fed. R. Crim P. 33, a motion for a new trial based on newly discovered evidence must be filed within three years after the verdict. *See United States v. Pedraza*, 65 F. App'x 702, 703 (10th Cir. 2003). Defendant filed this motion nearly six years after the convictions in these proceedings. And second, Defendant pled guilty to the robbery indictments. "Rule 33 of the Federal Rules of Criminal Procedure, which authorizes motions for new trial, applies only to cases in which a Trial, either to the court or to a jury, has taken place." *United States v. Lambert*, 603 F.2d 808, 809 (10th Cir. 1979). "Because Defendant pleaded guilty, . . . Rule 33 is inapplicable." *United States v. Gordon*, 4 F.3d 1567, 1572 n. 3 (10th Cir. 1993). And on the merits, as indicated below, "[a]ll of the [jurisdictional] evidence . . . was available to [Defendant] before his trial." *Baker v. United States*, 430 F.2d 499, 503 (D.C. Cir. 1970). The motion provides no grounds for a new trial under rule 33.

Defendant's claims may be more appropriate to a motion under 28 U.S.C. § 2255. The terms of § 2255 provide the exclusive avenue for an attack on a federal criminal conviction, *see Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255 "supplants habeas corpus"),[1] and Defendant's pro se characterization of his claims is not dispositive, *see Roman-Nose v. New Mexico Dep't of Human*

---

[1] A writ of habeas corpus may be sought if § 2255 is "inadequate or ineffective," *Williams*, 323 F.2d at 673, and the writ of error coram nobis remains available to a defendant who is not in custody, *see United States v. Hernandez*, 94 F.3d 606, 613 n.5 (10th Cir. 1996).

*Serv.*, 967 F.2d 435, 436-37 (10th Cir. 1992).  Defendant alleges that the government did not prove that the State of New Mexico had waived jurisdiction over the lands where the banks were located.  This Court, therefore, had no jurisdiction of the criminal proceeding.  Defendant's claim is expressly contemplated by § 2255: relief is available where "the court was without jurisdiction to impose such sentence."  § 2255.

For either procedural or substantive reasons, the Court will deny the motion and will not recharacterize it as a § 2255 motion.  First, Defendant has previously filed a § 2255 motion in the two robbery cases, and the one-year limitation period for a § 2255 motion has long expired.  *See United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005).  And second, "[b]ecause under 18 U.S.C. § 3231 federal district courts are explicitly vested with jurisdiction over all offenses against the laws of the United States, the federal government is not required to show that the state ceded jurisdiction."  *United States v. Hodges*, 42 F. App'x 250, 251 (10th Cir. 2002) (citations omitted).  Under *Hodges* and authority cited therein, Defendant's conviction was valid even if the government did not provide the jurisdictional evidence that he would now require.  The Court had jurisdiction of the subject matter in these proceedings, and Defendant's motion will be denied.

IT IS THEREFORE ORDERED that Defendant's Motion Of Newly Discovered Evidence, filed February 2, 2007 (Doc. 107 in case No. CR 01-0289 BB), construed as either a motion for new trial under Fed. R. Crim. P. 33 or a constitutional attack on his convictions in the above-captioned matters, is DENIED.

_____
UNITED STATES DISTRICT JUDGE